The STATE of Ohio, Appellee,

v.

CARPENTER, Appellant.

[Cite as *State v. Carpenter* (1996), 116 Ohio App.3d 292.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 96-JE-8.

Decided Dec. 6, 1996.

*Stephen M. Stern,* Jefferson County Prosecuting Attorney, for appellee.

*Robert Francis Carpenter, pro se.*

---

GENE DONOFRIO, Judge.

Defendant-appellant, Robert Francis Carpenter, appeals a judgment of the Jefferson County Court of Common Pleas wherein the court, without an evidentiary hearing, overruled appellant's motion to vacate his criminal conviction on jurisdictional grounds. Appellant's motion asserted that the court lacked subject matter jurisdiction, therefore rendering the judgment void, due to a defective indictment.

On January 19, 1988, on the complaint of the Jefferson County Sheriff, the Jefferson County Court issued an arrest warrant for appellant for the murder of Kevin Burkes. The arrest warrant noted that the murder had been committed in Brush Creek Township of Jefferson County on or about November 16, 1987. On January 21, 1988, appellant was arraigned on one count of aggravated murder (R.C. 2903.01) with kidnapping and firearm specifications, a second count of aggravated murder with aggravated robbery and firearm specifications, a third count of kidnapping (R.C. 2905.01) with a firearm specification, and a fourth count of aggravated robbery (R.C. 2911.01) with a firearm specification. Each count of the indictment provided:

"The Jurors of the Ohio Grand Jury of the County of Jefferson * * * do find that on or about the 16th day of November in the year Nineteen Hundred and Eighty–Seven at the County of Jefferson and State of Ohio aforesaid, Robert Francis Carpenter did * * *."

Appellant pled not guilty to the charges at his arraignment on January 21, 1988.

Appellant consented to a negotiated plea on September 13, 1988, pursuant to Crim.R. 11(F), wherein appellant agreed to plead guilty, upon the state's amendment of the indictment, to the offenses of murder (R.C. 2903.02), kidnapping (R.C. 2905.01) and aggravated robbery (R.C. 2911.01), without specifications. The indictment was amended in accordance with the negotiated plea, and appellant's pleas of guilty to the amended charges were entered the following day. On December 22, 1989, appellant was sentenced to concurrent terms of fifteen years to life for the murder conviction, ten to twenty-five years for the kidnapping conviction, and ten to twenty-five years for the aggravated robbery conviction.

Appellant filed a *pro se* motion for postconviction relief on March 1, 1993, asserting that he had been advised to accept the negotiated plea while not being made aware that he would receive a life sentence, and requesting the state's compliance with the terms of the negotiated plea regarding protection and segregation from his codefendants. In overruling this motion on March 16, 1993, the court noted that appellant testified at the sentencing hearing that he understood the terms and consequences of entering a guilty plea to the negotiated and amended charges.

Appellant filed a second *pro se* motion for relief from judgment on February 8, 1996, pursuant to Civ.R. 60(B)(4) and 60(B)(5) and Crim.R. 57(B), requesting an evidentiary hearing on the motion. The court overruled this motion, without hearing, on February 14, 1996. Appellant filed this timely appeal on February 23, 1996.

Appellant's sole assignment of error provides:

"The trial court abused its discretion. A discretion the court did not have. When denying appellant's Civ.R. 60(B) motion without holding an evidentiary hearing, where the motion set forth a meritorious defense where the court possessed the inherent power to vacate a void judgment when the indictment is defective depriving the trial court of subject matter jurisdiction and power to hear in violation of § 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution."

Appellant argues that the judgment against him was void for lack of subject matter jurisdiction. Appellant bases his argument on the premise that

the indictment did not provide that the crimes for which he was charged occurred "at someplace within" the jurisdiction of the court.

R.C. 2941.06 provides that the form of an indictment may be substantially in the following form:

"The jurors of the Grand Jury of the State of Ohio * * * do find and present that A.B., on the _____ day of _____ 19__ *at the county of* _____ aforesaid, did _____." (Emphasis added.)

It is clear from the record that the form of the initial and amended indictments presented to the grand jury in the present matter were not facially defective, as they substantially conformed to the form set forth under R.C. 2941.06. Therefore, appellant's claim that this judgment is void for lack of subject matter jurisdiction is unfounded.

Further, we find that the trial court did not err by not holding an evidentiary hearing on the motion. In *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 5 OBR 94, 96, 448 N.E.2d 823, 826, the Ohio Supreme Court held:

"[A] petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises."

Although styled as a Civ.R. 60(B) motion, appellant's motion was in essence a petition for postconviction relief under R.C. 2953.21. Thus, we find that the rationale of *Kapper* is equally applicable herein. Since appellant's motion failed to show entitlement to relief and since appellant failed to submit any documentation tending to show such entitlement, the trial court did not err in failing to hold an evidentiary hearing.

Appellant's assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.