OPINION
Petitioner-appellant Hiram Davis ("appellant") appeals pro se
the decision of the Cuyahoga County Court of Common Pleas which dismissed his petition for post-conviction relief brought pursuant to R.C. 2953.51. Because we find the trial court failed to review the entire record relied upon by appellant in support of his claims for relief, we reverse and remand the matter to the trial court for further proceedings.
A review of this record on appeal reveals that on November 17, 1992, appellant was indicted on one count of murder, R.C. 2903.02, with a firearm specification for the death of Douglas Melton which occurred on November 4, 1992. At his arraignment on December 1, 1992, appellant pled not guilty to the charge against him. After a series of pretrials in the matter and his waiver of the right to a speedy trial, prior to commencement of the scheduled trial, on June 1, 1994, appellant withdrew his plea of not guilty and pled guilty to the reduced charge of involuntary manslaughter, R.C. 2903.04 (A), without a firearm specification. On July 7, appellant was sentenced to a term of incarceration of five to twenty-five years. No direct appeal of appellant's conviction or sentence was taken. On October 11, 1996, appellant, pro se, filed the within petition pursuant to R.C. 2953.21 in which he requested the court to vacate or set aside his conviction. In response, the state moved the court to dismiss appellant's petition and, after briefing by the parties, the trial court denied appellant's petition, granted the state's motion to dismiss appellant's petition and, subsequently, the court entered its Findings of Fact and Conclusions of Law. Appellant, pro se,
appeals the dismissal of his petition and advances four assignments of error for our review.
 I. WHERE TRIAL COUNSEL HAS A VIABLE DEFENSE BUT PURSUASIVELY (SIC) INDUCES APPELLANT INTO A PLEA OF NOT GUILTY AND, WHERE SUCH ACTIONS CANNOT REASONABLY BE CONSIDERED AS EITHER TACTICAL OR STRATEGIC, AND WHERE TRIAL COUNSEL PERMITS THE TRIAL COURT TO INCLUDE IN THE CHARGE APPELLANT IS PLEADING GUILTY TO, AN ERRONEOUS FELONY NOT INCLUDED IN THE OFFICIAL COURT RECORDS AND IS NOT A LESSER INCLUDED OFFENSE OF THE ORIGINAL CHARGE IN THE INDICTMENT, APPELLANT'S RIGHTS TO THE EFFECTIVE ASSISTANCE OF COMPETENT COUNSEL HAS BEEN DENIED IN VIOLATION OF THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 10
AND 16 OHIO CONSTITUTION.
 II. WHERE TRIAL COUNSEL FAILS TO INVESTIGATE AND/OR INTERVIEW MATERIAL WITNESSES FOR BOTH THE STATE AND DEFENSE, THAT WHICH WAS FULLY DISCLOSED TO COUNSEL AND THAT WHICH CLEARLY WOULD BENEFIT THE DEFENSE, APPELLANT'S RIGHT TO A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL HAS BEEN DENIED, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, §§ 10
AND 16, OHIO CONSTITUTION.
 III. WHERE TRIAL COUNSEL FAILS TO FULLY AND HONESTLY INFORM APPELLANT OF ALL RELEVANT AND MATERIAL FACTS IN EVIDENCE IN THE CASE, AND THE PERTIENT (SIC) LAW, APPELLANT WAS NOT PROVIDED THE EFFECTIVE ASSISTANCE OF COMPETENT COUNSEL AND HIS GUILTY PLEA IS NOT BASED UPON A KNOWING AND INTELLIGENT VOLUNTARY DECISION.
 IV. WHERE TRIAL COUNSEL HAS FULL KNOWLEDGE THAT HIS CLIENT IS RELUCTANT TO ENTER A PLEA OF GUILTY WHERE APPELLANT WHOLLY BELIEVES THAT HE IS NOT GUILTY, AND COUNSEL COERCESIVELY (SIC) INDUCES APPELLANT TO PROCEED WITH THE GUILTY PLEA AND SENTENCING IN SPITE OF APPELLANT'S CLEAR RESPONSES OF NOT GUILTY THEN RELUCTANT PLEA OF GUILTY, VIOLATES APPELLANT'S RIGHTS TO DUE PROCESS, AND EFFECTIVE ASSISTANCE OF COMPETENT COUNSEL, PROVIDED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, §§ 10
AND 16, OHIO CONSTITUTION.
Appellant in these assignments of error essentially contends that his appointed trial counsel was so ineffective that his representation fell below the objective standard of reasonableness and, but for his errors and omissions, the result of the proceedings would have been different. Appellant asserts that his appointed counsel induced him to enter a plea to which he could not knowingly and intelligently make because counsel failed to fully and competently advise him of both the charge and the sentence ultimately imposed upon him. Specifically, appellant contends that he was induced to enter his plea to a charge of involuntary manslaughter which stated that he unlawfully caused the death of the victim "as the proximate result of [his] committing or attempting to commit a felony." Appellant argues that the inclusion of such language was erroneous because no factual basis existed for that crime and, as such, his due process rights were violated and an enhanced sentence was improperly imposed upon him.
It is well-settled that a petition for post-conviction relief brought pursuant to R.C. 2953.21 will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. State v. Walden (1984),19 Ohio App.3d 141, 146. Under the doctrine of res judicata, a final judgment of conviction bars a defendant who had counsel from raising and litigating in any proceeding, except in an appeal from that judgment, any defense or claim of lack of due process that was raised or could have been raised by the defendant at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Absent a showing of an abuse of discretion, a reviewing court will not overrule a trial court's findings on a petition for post-conviction relief which is supported by competent and credible evidence. State v. Mitchell (1988), 53 Ohio App.3d 117,119. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980)62 Ohio St.2d 151, 157; State v. Keenan (1998), 81 Ohio St.3d 133,137.
Hearing on a petition for post-conviction relief is governed by R.C. 2953.21 (C), which provides in pertinent part:
 Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.
(Emphasis added.)
A criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to such a hearing. State v. Cole (1982), 2 Ohio St.3d 112; State ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450. The trial court has a statutorily imposed duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing. R.C.2953.21 (C); State v. Cole (1982), 2 Ohio St.3d 112, 113; see, also,State v. Kapper (1983), 5 Ohio St.3d 36; State v. Carpenter (1996),116 Ohio App.3d 292, 295. A petition for post-conviction relief may be dismissed without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. State v. Jackson (1980), 64 Ohio St.2d 107; State v.Apanovitch (1996), 113 Ohio App.3d 591, 597; State v. Shugar (May 21, 1992), Cuyahoga App. No. 62536, unreported. The test to be applied is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits and the files and records of the case. State v. Strutton
(1988), 62 Ohio App.3d 248, 251.
Moreover, where the petitioner asserts a claim of ineffective assistance of counsel, he bears the initial burden to submit evidence to demonstrate the lack of competent counsel and to demonstrate that his defense was prejudiced by counsel's ineffectiveness. Until he has done so, no evidentiary hearing is required. State v. Pankey (1981), 68 Ohio St.2d 58. The standards governing claims of ineffective assistance of counsel under the federal and Ohio constitutions are well established and essentially the same. Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989). 42 Ohio St.3d 136, paragraph two of the syllabus. It is well settled that a properly licensed attorney is presumed competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. In order to overcome this presumption, the petitioner must submit sufficient operative facts or evidentiary documents which, if proven, would show that the petitioner was prejudiced by said ineffective assistance. State v. Smith (1987), 36 Ohio App.3d 162. A reviewing court will not second guess what could be a matter of trial strategy. State v. Smith (1985), 17 Ohio St.3d 98.
Further, when the trial court or appellate court is reviewing a plea submitted by a defendant its focus should be on whether the dictates of Crim.R. 11 have been followed. State v. Kelley (1991),57 Ohio St.3d 127, 128.
Crim.R. 11(C) states in pertinent part:
 Pleas of guilty and no contest in felony cases.
* * *
 (2) In felony cases the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation;
 (b) informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence;
 (c) informing him of and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
The standard for determining whether a trial court properly accepts a plea is whether the court substantially complied with Crim.R. 11. State v. Stewart (1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant objectively understands the implication of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108. "A defendant who challenges his guilty pleas on the basis that it was not knowingly, intelligently, or voluntarily made must show prejudicial effect." Id. In State v. Rainey (1982), 3 Ohio App.3d 441, the court stated that "[i]n order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." See, also, State v. Swift (1993), 86 Ohio App.3d 407, 412.
In his underlying petition for relief brought pursuant to R.C.2953.21, appellant advanced two claims for relief. To support each claim appellant relied on evidence within the record as demonstrated in his plea hearing held on June 1, 1994 and in his sentencing hearing held July 7, 1994 and on evidence de hors the record in his sworn affidavit. However, upon review of the record before us, we conclude that the trial court did not review the transcript of appellant's sentencing hearing held on July 7, 1994 upon which appellant relied to demonstrate operative facts which if proven he asserts would show that his plea was not knowingly, intelligently and voluntarily made and which prejudiced him by the imposition of a more severe sentence before rendering its denial of appellant's petition.
Our review of the proceedings from the trial court reveals that on May 20, 1997 the trial court ordered the transcript of the June 1, 1994 plea hearing only. The record demonstrates that the transcript of the July 7, 1994 sentencing was not ordered by the trial court. Moreover, the trial court, in paragraph eight of its Findings of Facts and Conclusions of Law, indicated that its decision to deny appellant's petition was based upon its review of the record including the transcript of proceedings which took place on June 1, 1994. Finally, the trial court indicated that the transcript of proceedings which it reviewed was attached as an appendix to the Findings of Fact and Conclusions of Law. Our review of the record indicates that this appendix includes the transcript of the June 1, 1994 plea hearing only.
However, the record clearly indicates that in his first claim for relief which alleged ineffective assistance of counsel, appellant relied upon a colloquy contained in the sentencing transcript to demonstrate that as part of his plea agreement he was offered a term of incarceration less than the term imposed by the court as the mandatory term. Appellant relies on his comments which indicate that he "don't know much about the legal system." He further stated that "[t]he plea bargain I was offered was two and a half years, two and a half years with good time and it's flat time. This is what I was offered, without a gun and specifications. Now that's what I was looking here, that's what my parents was looking here." The court stated "Okay. Now, I would appreciate it, Mr. Williams, if you would talk briefly to your client and make sure because what I heard * * *." Appellant contends that this evidences his confusion as to the crime to which he was induced to enter a plea and that the transcript shows that he was precluded from further addressing the court as to whether he wished to proceed with sentencing or to vacate his plea.
Further, in his second claim for relief appellant relied upon the sentencing transcript testimony to support his contention that his plea was not voluntarily made and that he had an incomplete understanding of the plea agreement as it was actually entered in court. At the sentencing hearing, appellant refers to his comments which indicated that "[a]s far as the time factor, I don't know too much about the time factor. You had a five-year number or something like that. I was offered a plea bargain which was two and a half and I hope it's still two and a half, or that's the way it should be." Appellant asserts that this testimony as demonstrated at the sentencing hearing provides evidence that he did not voluntarily plead guilty to a charge for which the minimum penalty was greater than the penalty which was agreed upon to be imposed by the court.
We are cognizant that the trial court's failure to review the entire transcript of proceedings before denying a petition for post-conviction relief without a hearing does not necessarily constitute reversible error. This court in State v. Broom (May 7, 1998). Cuyahoga App. No. 72581, unreported, affirmed the decision of the trial court to dismiss a petition for post-conviction relief where the trial court failed to consider the trial transcript in apparent violation of R.C. 2953.21 (C). However, we find the circumstances of Broom to be distinguishable from the matter subjudice. In Broom, this court concluded that the court's failure to consider certain portions of the record did not adversely affect the outcome of the post-conviction proceeding and determined that the claims asserted by appellant Broom were res judicata and found that "despite the seemingly mandatory language of the statute, the courts have not interpreted this section as placing a mandatory duty on the courts to consider a transcript of proceedings[.]" where "[a] remand for the sole purpose of having the court review matters that are facially barred by res judicata would do nothing more than perpetuate this case beyond the six years it languished in the lower court."
Such is not the case here. In the matter sub judice, the trial court did not find that the claims asserted by appellant wereres judicata, but found in its Conclusions of Law that the petitioner has "failed to submit evidentiary documents setting forth sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises."
Therefore, because appellant in his claims for post-conviction relief relied in part upon the transcript of the sentencing hearing as evidence to demonstrate that his plea was induced by false promises of his trial counsel and that his plea could not be knowingly made, we find that the trial court's failure to consider the complete transcript of proceedings prior to its determination of whether there are substantive grounds for relief as specified by R.C. 2953.21(C) constitutes an abuse of the trial court's discretion. Since the evidence relied upon by appellant to support his asserted assigned errors as presented in his petition for post-conviction relief was contained in the transcript of his plea hearing held June 1, 1994, the transcript of his sentencing on July 7, 1994 and in his affidavit as attached to his petition in making the determination of the issue of whether there were substantive grounds for relief, we find that the trial court was required to consider, "in addition to the petition and supporting affidavits, all the files and record pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript." R.C. 2953.21 (C). Accordingly, we find that the trial court is required to review the complete transcript of proceedings, including the transcript of appellant's sentencing hearing held July 7, 1994 upon which appellant relied to support his allegations that his trial counsel was ineffective and that his plea was not knowingly made, before determining whether petitioner has set forth sufficient operative facts to demonstrate substantive grounds for relief. Further, the record in this case demonstrates that despite his protestations that no factual basis for the crime to which he was induced to enter his plea existed, appellant failed to timely initiate a direct appeal of his conviction and sentence. By our decision today, we do not foreclose appellant's right pursuant to App.R. 5 to file a motion requesting leave to file a delayed appeal.
Reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover from said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, JUDGE
DYKE, J., CONCURS;
PORTER, A.J., DISSENTS, (WITH DISSENTING OPINION).
 DISSENTING OPINION