[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, defendant-appellant Donald L. Williams, Sr., appeals from the April 4, 2001, judgment of the trial court dismissing his second successive postconviction petition filed on March 2, 2001, for failure to satisfy the requirements of R.C. 2953.23. For the following reasons, we affirm the judgment of the trial court.
R.C. 2953.23(A) provides that a trial court may not entertain a successive petition for postconviction relief unless the following applies:
Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
As we have previously held, both requirements of R.C. 2953.23(A) must be satisfied.[1] Williams, after entering no-contest pleas, was found guilty of nine counts of aggravated burglary and one count of attempted aggravated burglary. We affirmed the convictions on March 17, 1993. On July 25, 1995, we affirmed the trial court's dismissal of the first postconviction petition. Although Williams captioned his March 2, 2001, filing as a successive postconviction petition or, alternatively, as a motion for relief from judgment pursuant to Civ.R. 60(B)(5), we construe it in substance as the former and treat it accordingly.[2]
Williams's second successive postconviction petition fails to satisfy the requirements of R.C. 2953.23(A). The petition does not show that Williams was unavoidably prevented from discovery of the facts upon which he had to rely to present his claim for relief. Nor does Williams argue that his petition is based upon a new federal or state right recognized by the United States Supreme Court that applies retroactively to him. Nor has he shown that, but for the constitutional error at trial, no reasonable factfinder would have convicted him of the offenses.
We note that in his second successive postconviction petition, Williams claims lack of notice of amended findings of fact and conclusions of law journalized by the trial court in the first postconviction proceedings on November 29, 1995, which was clearly subsequent to our affirmance, on July 25, 1995, of the trial court's dismissal of the first postconviction petition. In the absence of a remand by this court or an intervening Ohio Supreme Court decision, any further challenge in the trial court by Williams to the same findings of fact and conclusions of law from the first postconviction proceedings that were part of the record reviewed in the previous appellate decision is barred under the law-of-the-case doctrine.[3] The Ohio Supreme Court has stated that the law-of-the-case doctrine ensures consistency of results in a case, avoids endless litigation by settling issues, and preserves the structure of superior and inferior courts as designed by the Ohio Constitution.
Finding no error in the trial court's determination that the statutory requirements were not satisfied with regard to Williams's successive postconviction petition, we overrule the single assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Beuke (1998), 130 Ohio App.3d 633, 636, 720 N.E.2d 962, jurisdictional motion overruled (1999), 85 Ohio St.3d 1443,708 N.E.2d 209, certiorari denied (1999), 528 U.S. 934,120 S.Ct. 336.
[2] See State v. Kirkland (Jan. 24, 2000), Stark App. No. 1999CA00308, unreported; State v. Haddix (Nov. 15, 1999), Stark App. No. 1999CA00227, unreported; State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported, appeal dismissed (1998), 82 Ohio St.3d 1411, 694 N.E.2d 74;State v. Carpenter (1996), 116 Ohio App.3d 292, 295, 688 N.E.2d 14,15.
[3] See Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410,413; State ex rel. Sharif v. McDonnell (2001), 91 Ohio St.3d 46,47, 741 N.E.2d 127, 129.