OPINION
Defendant-appellant Michael Chalky appeals the decision of the Mahoning County Common Pleas Court which overruled his petition for post-conviction relief without an evidentiary hearing. Chalky maintains that the trial court's decision was erroneous as a matter of law which entitles him to have his petition reinstated with an evidentiary hearing when the trial court re-visits the issue. For the reasons hereinafter set forth, we agree with appellant that the trial court's partial reliance onres judicata as a ground for its denial of Chalky's post-conviction petition was in error. However, we also determine that the aforementioned error is not dispositive of the issues and affirm the judgment of the trial court.
 FACTS
On July 26, 1986 in Youngstown, Ohio, a fight occurred between Michael Chalky and Joseph Pastori. Pastori died from the injuries that occurred during the fight. As a result of Pastori's death, Chalky was indicted and charged with murder in violation of R.C. 2903.02. Chalky pled not guilty. Later, Chalky changed his plea to not guilty by reason of insanity. Chalky was examined by two doctors. One of the examining doctors was Dr. Sullivan, a psychiatrist.
On May 18, 1987, Chalky waived his right to a jury trial, withdrew his plea of not guilty by reason of insanity, and entered a plea of not guilty. The court found Chalky guilty of murder in violation of R.C.2903.02. At trial, testimony indicated that Chalky had consumed fifteen beers, fifteen shots of rum, and ingested several tablets of the prescription drug Vicodin. State v. Chalky (1988), Mahoning App. No. 87CA82, unreported.
Chalky, through counsel, filed an appeal. Chalky was represented by the same attorney at trial and on appeal. On November 15, 1988, this court affirmed the decision of the trial court.
Chalky filed a petition for post-conviction relief on March 21, 1996, nine years after his conviction. On July 30, 1996, the motion was overruled without a hearing. The trial court stated that Chalky's arguments were barred by res judicata or in the alternative, they were unsupported by the record. Chalky filed a notice of appeal from that decision on August 30, 1996.[1]
 ANALYSIS
Chalky raises three assignments of error on appeal. The first of which contends:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW FINDING APPELLANT'S CLAIMS BARRED UNDER THE DOCTRINE OF RES JUDICATA."
Chalky's post-conviction petition claims for the first time that trial counsel's conduct amounted to ineffective assistance of counsel. Chalky claims that the trial court erred by ruling that his ineffective assistance of counsel claim was barred by res judicata. We agree.
Chalky's claim is not barred by res judicata. Res judicata does not apply when trial and appellate counsel are the same. State v. Lentz
(1994), 70 Ohio St.3d 527, 529. An actual conflict of interest bars counsel from raising their own ineffectiveness on direct appeal. Id. Chalky's counsel could not have realistically been expected to argue his own incompetence on direct appeal; it would be identical to arguing his own malpractice. Id. citing State v. Carter (1973), 36 Ohio Misc. 170.
Here, the record demonstrates a continuity of counsel at the trial and appellate level so that the ruling set forth in Lentz, supra, is clearly applicable. Accordingly, Chalky's first assignment of error is meritorious as a matter of law. While we thus agree with his statement of the correct law, we do not agree with his conclusion that he is now entitled to an evidentiary hearing. We first note that the trial court's reliance on resjudicata was an alternative ground to justify denial of the post-conviction relief petition before it. The other ground utilized by the trial court was a lack of a "substantial constitutional issue" based upon the "pleadings, affidavits, files and other records."
Secondly, an erroneous justification utilized by a trial court does notper se mandate an evidentiary hearing. In a petition for post-conviction, the petitioner has the burden of submitting supporting materials indicating he/she is entitled to relief. State v. Kapper
(1983), 5 Ohio St.3d 36, 38; State v. Carpenter (1996),116 Ohio App.3d 292, 295. Chalky's second and third assignments of error discuss whether Chalky has met this initial burden.
Chalky's second assignment of error contends:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW FINDING THE IDENTIFIED ACTS AND OMISSIONS OF COUNSEL DID NOT FALL TO THE LEVEL OF INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE GUARANTEE OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."
Despite the fact that the trial court incorrectly ruled that the claim was barred by res judicata, the trial court did not err by failing to hold an evidentiary hearing. Chalky did not present substantive grounds for relief, which would warrant an evidentiary hearing. Kapper,5 Ohio St.3d at 39.
In a post-conviction petition that asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit affidavits and supporting materials containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107,110. Typically in a petition for post-conviction relief, this court would look to evidence from outside the record provided by the petitioner to determine if a hearing is warranted. Since the ineffective assistance of counsel claim is raised for the first time on post-conviction relief, an examination of the trial transcript is allowed, but impossible in this case. After diligent searches on the part of this court, we have been unable to locate the trial transcript. It is an appellant's duty to ensure that a copy of the transcript is filed with the reviewing court. App.R. 9. The transcript was filed for the direct appeal, but due to the passage of time (nine years), the transcript has been lost. Chalky, upon filing the post-conviction petition, should have made sure the record was complete, including a transcript of the original proceedings.
There is a two prong test for ineffective assistance of counsel.Strickland v. Washington (1984), 466 U.S. 668, 686; State v. Thompson
(1987), 33 Ohio St.3d 1, 10. The first prong requires the defendant to show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. Strickland, 466 U.S. at 687;State v. Sallie (1998), 81 Ohio St.3d 673, 674. The second prong requires the defendant to show that counsel's error was so serious as to deprive the defendant of a fair trial or a reasonable probability that the result of the trial would be different. Strickland, 466 U.S. at 687; Thompson,33 Ohio St.3d at 10; Sallie, 81 Ohio St.3d at 674. The court of appeals presumes that counsel's conduct falls within the wide range of reasonable professional assistance. Thompson, 33 Ohio St.3d at 10.
Chalky states that the first prong of Strickland is satisfied due to his counsel's stipulations and failure to call Dr. Sullivan as a witness. Chalky then states that the second prong of Strickland is also met. He claims he was prejudiced by the stipulation because it relieved the state of its burden to prove all elements of the crime. He also claims that he was prejudiced by defense counsel's failure to call Dr. Sullivan to testify.
Chalky's attorney stipulated to the following: 1) Chalky inflicted the knife wound that caused the death; and 2) all physical evidence was admissible. It appears to be trial strategy to concentrate on the level of intoxication to negate mental culpability rather than the cause of death. A number of witnesses were present to observe the occurrences of that night and could testify as to the cause of death. A reviewing court should decline from second-guessing an attorney's trial strategy. Statev. Carter (1995), 72 Ohio St.3d 545, 558. The stipulations were not the result of ineffective assistance of counsel.
Chalky states that Dr. Sullivan could have been called to testify on his behalf. Chalky claims that Dr. Sullivan would have testified to a high degree of certainty that Chalky "* * * had diminished capacity at the time of the incident." (Ltr. from Dr. Sullivan to Judge William Houser, marked State's Exhibit 5).
Failure to call Dr. Sullivan to testify is not objectively unreasonable. Dr. Sullivan's testimony as to diminished capacity would have no effect on the trial court since Ohio does not recognize the defense of diminished capacity. State v. Wilcox (1982), 70 Ohio St.2d 182. Furthermore, this letter is a psychiatric evaluation of whether Chalky was guilty or not at the time of the incident due to insanity. From this evaluation it is apparent that Chalky could not proceed under a not guilty by reason of insanity plea. Since diminished capacity is not a defense in Ohio, any testimony on the subject is irrelevant. Id.
Chalky implies that this letter is a determination of whether Dr. Sullivan believed that the drugs and alcohol consumed by Chalky negated his mental culpability. In this letter, Dr. Sullivan relates that Chalky claims from 1:00 p.m. until around 2:30 a.m. when the fight occurred, he had consumed a six pack of beer, shared a case of beer with two friends, consumed a fifth of Mad Dog wine, ingested ten Vicodin pills, went to a bar and drank more beer and had shots of 151 Rum. Chalky claims he is unsure of how many beers and shots of rum he consumed at the bar. This letter states that if you believe the degree of intoxication admitted by Chalky, then that level of intoxication would cause impaired responsibility for his actions. The information provided to Dr. Sullivan is fairly consistent with the testimony elicited at trial. However, witnesses at trial testified that Chalky had the ability to drive the car, exchange insults, and engage in a fight. Chalky, Mahoning App. No. 87CA82, unreported. The letter from Dr. Sullivan was admitted at trial. The trier of fact considered the letter along with the testimony. Therefore, one could find that his intoxication level did not impair his mental culpability. Id. Failure to call a witness is a decision concerning trial strategy. State v. Reese (1982), 8 Ohio App.3d 202 . Chalky has failed to show that he was prejudiced or that there exists a reasonable probability that the result of the trial would have been different if Dr. Sullivan had testified. Strickland, 466 U.S. 668;Sallie, 81 Ohio St.3d at 674.
Defense counsel failed to call any witnesses during trial. In hindsight, this probably was not the best decision. However, on cross-examination, defense counsel elicited witnesses' observations of Chalky being very drunk. These statements are in sync with the trial strategy of negating the mental culpability. As stated earlier, a reviewing court should decline from second-guessing an attorney's trial strategy. Carter, 72 Ohio St.3d at 558.
Without any affidavits as to the testimony of Dr. Sullivan, Chalky's allegations are just broad assertions that do not demonstrate prejudice. Also, the stipulations made by defense counsel and the decision whether to call Dr. Sullivan as a witness were trial strategy. Therefore, the trial court did not err in failing to hold an evidentiary hearing. The second assignment of error lacks merit.
Chalky's third assignment of error contends:
 "THE TRIAL COURT ERRED BY FINDING THAT THE RECORD REBUTTED APPELLANT'S CLAIM THAT THERE WAS NOT A WRITTEN WAIVER OF THE RIGHT TO A TRIAL BY JURY AS GUARANTEED BY THE SIXTH AMENDMENT."
Chalky claims that the state failed to comply with R.C. 2945.05 and thereby violated his right to a jury trial. R.C. 2945.05 states that a waiver to a jury trial must be in writing, signed by the defendant, and filed. Chalky claims that no written waiver was filed in this case and he claims to have a letter from the clerk of courts to prove that no waiver is in the file. A written waiver executed by Chalky, his attorney and the prosecutor is attached to the state's brief. Chalky claims he made every effort to locate the waiver and the nonexistence of it at the time he searched for it raises a question as to its validity.
The written waiver signed by Chalky is in the record. It is time stamped and dated May 18, 1987. It is also listed on the docketing statement. It does not appear to be fabricated. Furthermore, no letter is attached to the petition or appellate brief stating that the waiver is not in the file. Chalky fails to meet the standard to warrant a hearing. The third assignment of error lacks merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. No evidentiary hearing is warranted.
Donofrio, J., concurs.
DeGenaro, J., concurs.
[1] We note that the notice of appeal was filed 31 days after the judgment entry. However, the common pleas docket failed to instruct the clerk to serve notice on appellant and is devoid of any entry that the clerk served notice on the parties. According to prior decisions by this court, App.R. 4(A) and Civ.R. 58(B), the appeal is timely. This case is distinguishable from the recent Ohio Supreme Court decision in State exrel. Phiels v. Pietrykowski (2001), 93 Ohio St.3d 460, where one party objected to the timeliness of the appeal and secured the affidavit of the bailiff who stated that he served notice on the other party within 3 days, where service is complete upon mailing, and where the other party admitted he was served.