DECISION AND JUDGMENT ENTRY
{¶ 1} Pele K. Bradford appeals the Ross County Common Pleas Court's denial of his petition for post-conviction relief. On appeal, Bradford contends that because he is not the actual defendant named in the indictment, the common pleas court lacked jurisdiction to hear the case. Finally, Bradford claims the trial court erred by ignoring "nunc pro tunc" language that he included in a Uniform Commercial Code Financing Statement. Because Bradford offered no relevant or cogent facts that he was not the actual defendant named in the indictment, and because the trial court properly ignored the language in the Financing Statement, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. *Page 2 {¶ 2} On February 5, 2006, Pele K. Bradford (hereinafter "Bradford" or "defendant-appellant') was arrested for escape after climbing the perimeter fence at Ross Correctional Institution. At the time of his arrest, Bradford was serving a sentence for aggravated murder. On January 26, 2007, a grand jury indicted Bradford for escape in violation of R.C. 2921.34. The indictment names PELE K. BRADFORD, in all capital letters, as the defendant. On October 16, 2007, Bradford pled guilty to the escape charge.
 {¶ 3} On March 26, 2008, Bradford filed a petition for post-conviction relief pursuant to R.C. 2953.21. In his petition, Bradford made the following claims: (1) that he was not the actual defendant named in the indictment; (2) that the judgment against him was void for lack of a proper defendant; and (3) that the common pleas court lacked jurisdiction over the case. To support these claims, Bradford argued that the indictment actually charges a wholly separate and distinct organization also called PELE K. BRADFORD with the crime of escape. Bradford tried to prove the existence of the PELE K. BRADFORD organization by offering a security agreement, two affidavits, and several Uniform Commercial Code documents.
 {¶ 4} On July 23, 2008, the trial court found that Bradford was not entitled to post-conviction relief and dismissed his petition without holding a hearing under R.C. 2953.21.
 {¶ 5} Bradford appeals, asserting the following assignments of error: I. "THE COURT ERRED IN FAILING TO VACATE THE JUDGMENT AS VOID FOR UNCERTAINTY FOR WANT OF A PROPER DEFENDANT WHERE *Page 3 
INCONTROVERTIBLE PRIMA FACIE EVIDENCE WAS PRESENTED ESTABLISHING THE FACT THAT THE INDIVIDUAL IMPRISONED IS NOT THE ORGANIZATION DESIGNATED AS THE DEFENDANT IN THE CAUSE/CASE." II. "THE COURT ERRED IN CONCLUDING THAT SECURED PARTY ACQUIESCED TO THE JURISDICTION OF THE COURT WHERE SECURED PARTY'S TRUE NAME, WHICH WAS KNOWN BY THE PROSECUTION AT THE TIME OF INDICTMENT, NEVER APPEARED AS THE DEFENDANT IN ANY CHARGING INSTRUMENT OR INDICTMENT IN VIOLATION OF O.R.C. § 2941.03(C) AND DUE PROCESS OF LAW." And, III. "THE COURT ERRED IN DEDUCING THAT EVEN ABSENT A NEXUS OF CONTRACT AND OR EXPLICIT AUTHORITY, AND BASED UPON THE UNPERFECTED STATUS AT THE TIME OF INDICTMENT, THE COURT HAD POWER TO ADJUDICATE THE CASE WHERE THE COURT FAILED TO RECOGNIZE THE NUNC PRO TUNC ENTRY INCORPORATED INTO THE UCC-1 FILING."
 II. {¶ 6} All of Bradford's assignments of error stem from his argument that the indictment did not actually name him as the defendant. Therefore, we address Bradford's three assignments of error together.
 {¶ 7} The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the Constitutions of the United States or Ohio. R.C. 2953.21 (A)(1); State v. Hatton (Aug. 4, 2000), Pickaway App. No. 00CA10. In order to prevail on a *Page 4 
post-conviction relief petition, the petitioner must establish that he has suffered an infringement or deprivation of his constitutional rights. R.C. 2953.21(A)(1); State v. Calhoun (1999), 86 Ohio St.3d 279,283, 714.
 {¶ 8} We review a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. State v. Watson (1998), 126 Ohio App.3d 316, 324. An abuse of discretion is more than an error of judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219; Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 9} A criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. See State v. Cole (1982), 2 Ohio St.3d 112, 113; State ex rel.Jackson v. McMonagle (1993), 67 Ohio St.3d 450, 451. "Before granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C).
 {¶ 10} Indeed, R.C. 2953.21(C) imposes a duty on the trial court to ensure that the petitioner adduces sufficient evidence to warrant a hearing. Cole at 113; see, also, State v. Kapper (1983),5 Ohio St.3d 36, 38; State v. Carpenter (1996), 116 Ohio App.3d 292, 295. The court may dismiss a petition for post-conviction *Page 5 
relief without a hearing when the petitioner fails to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. State v. Jackson (1980),64 Ohio St.2d 107, 111; State v. Apanovitch (1995), 107 Ohio App.3d 82, 98.
 {¶ 11} "[E]vidence supporting a petition for post-conviction relief must meet some threshold level of cogency that advances the petitioner's claim beyond mere hypothesis. The evidence must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights." State v.Wright, Washington App. No. 06CA18, 2006-Ohio-7100, ¶ 22 (internal citation omitted). Additionally, the court is free to assess whether the petitioner's evidence is credible. Id. at ¶ 23, citing Calhoun at 284.
 A. {¶ 12} Bradford contends that he is not the defendant named in the indictment. R.C. 2941.03(C) provides that an indictment "is sufficient if it can be understood therefrom * * * that the defendant is named[.]" The indictment clearly charges "PELE K. BRADFORD" with escape. Bradford does not deny that his name is indeed PELE K. BRADFORD. Instead, Bradford contends that the actual defendant named in the indictment is a wholly separate organization also called PELE K. BRADFORD. As supporting evidence, Bradford introduced a security agreement between Pele Kishun Bradford, the flesh and blood human being, and an organization called PELE KISHUN BRADFORD. The agreement is dated November 26, 1996, but was not notarized until September 20, 2007. *Page 6 
 {¶ 13} Bradford also introduced UCC Financing Statements from Washington State and Wisconsin that were filed on October 9, December 5, and December 17, 2007. The statements list Pele Kishun Bradford, the flesh and blood human being, as the secured party and PELE KISHUN BRADFORD, the organization, as the debtor. Bradford claims that, because of language in the October 9 statement, the names "Pele K. Bradford" and "PELE K. BRADFORD" refer retroactively and exclusively to the organization and not the person. As a result, Bradford contends that the indictment actually names PELE K. BRADFORD, the organization, and not PELE K. BRADFORD, the defendant-appellant.
 {¶ 14} Here, we do not find Bradford's argument persuasive. The State indicted Bradford for escape on January 26, 2007. There is simply no cogent evidence that an organization named PELE KISHUN BRADFORD even existed at that time.[1] Bradford did not have the security agreement notarized until nearly eight months after the indictment, and he filed the UCC statements even later *Page 7 
that year. Moreover, even if an organization named PELE KISHUN BRADFORD did exist at the time of his indictment, Bradford offered no evidence that the State knew of its existence. Obviously, the State knew of defendant-appellant Pele K. Bradford as an inmate at the Ross Correctional Institution.
 {¶ 15} And furthermore, even if an organization called PELE K. BRADFORD had existed, Bradford offered no evidence that the State intended to indict the organization instead of the defendant-appellant. By reason of his incarceration, the defendant-appellant was capable of committing the crime of escape. Bradford does not deny the facts of the indictment or that he tried to escape from Ross Correctional Institution on February 5, 2006. In fact, he admitted to the facts in the indictment when he pled guilty. See Crim. R. 11(B)(1). See, also, State v.Moore (May 13, 1993), 2nd Dist. No 13564, 1993 WL 169111, at 3, citingCraig v. State (1892), 49 Ohio St. 415, 418.
 {¶ 16} We find the State's argument wholly persuasive. To have indicted the organization, the State "would have had to present to the grand jury facts showing that: (1) [an organization] was under detention in Ross Correctional Institut[ion]; and (2) the [organization] attempted to break that detention by trying to climb the perimeter fence of the prison." Brief of Appellee, State of Ohio at 2. Clearly, this did not happen.
 {¶ 17} We cannot find that the trial court abused its discretion by finding no relevant or cogent evidence that an organization called PELE K. BRADFORD was the actual defendant named in the indictment. We agree that no such evidence exists. *Page 8 
 B. {¶ 18} We also find that Bradford was subject to the jurisdiction of the common pleas court. "It is well-established that a common pleas court has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment." State v. Hillman, Franklin App. Nos. 06AP-1230; 07AP-728, 2008-Ohio-2341, ¶ 41, citing Click v.Eckle (1962), 174 Ohio St. 88, 89. See, also, R.C. 2931.03; Jimison v.Wilson (2005), 106 Ohio St.3d 342, 344 ("Common pleas courts have general subject-matter jurisdiction over crimes and offenses committed by adults."). As the defendant named in the indictment, Bradford was clearly subject to the common pleas court's jurisdiction. We cannot find that the trial court abused its discretion in reaching such an obvious conclusion.
 C. {¶ 19} Bradford mistakenly contends that certain language in the October 9, 2007, UCC Financing Statement makes the indictment of PELE K. BRADFORD an indictment of the organization and not the person. Bradford inserted language into the Financing Statement that all references to PELE K. BRADFORD, among other all-capitalized variations of his name, identify "nunc pro tunc" the organization PELE KISHUN BRADFORD. Black's Law Dictionary defines the words "nunc pro tunc" as "[h]aving retroactive legal effect through a court's inherent power." Black's Law Dictionary (8th ed. 2004). Clearly, the defendant-appellant does not have the "inherent power" of a court. And the UCC Financing Statement does not have retroactive legal effect over all past *Page 9 
references to PELE K. BRADFORD. Therefore, we cannot find that the trial court abused its discretion by ignoring the nunc pro tunc entry in the October 9, 2007 UCC Financing Statement.
 D. {¶ 20} Accordingly, for the above stated reasons, we overrule Bradford's first, second, and third assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only with Opinion.
McFarland, J.: Concurs in Judgment and Opinion.
[1] As an exhibit to his reply brief, Bradford attached a collection notice, dated April 14, 2008, that the IRS had allegedly sent to Bradford as trustee of "PELE KISHUN BRADFORD TR." The collection notice lists unpaid taxes from the year 1997. Bradford offered this exhibit to show that an organization named PELE K. BRADFORD did indeed exist at the time of the indictment. However, we "`can take no notice of facts or circumstances brought to our attention by means of affidavits or other evidence not appearing in the record' and not `before the trial court at the time it rendered its judgment.'" Whiteside v. Conroy, Franklin App. No. 05AP-123, 2005-Ohio-5098, ¶ 61, quoting Meadows v. Freedom Banc,Inc., Franklin App. No. 03AP-1145, 2005-Ohio-1446, ¶ 23. See, also,State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.") Even if we could consider the exhibit, it would not change our opinion of Bradford's claim. A trust that may have existed in 1997 would not necessarily also exist in 2007. *Page 10