DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Lucas County Court of Common Pleas, which dismissed appellant's petition for postconviction relief without a hearing. For the reasons stated below, we affirm.
 {¶ 2} Appellant was sentenced to death and certain prison terms after being convicted of two counts of aggravated robbery, one count of robbery, and two counts of aggravated murder. Direct appeal from the sentences and convictions is now before the Ohio Supreme Court.
 {¶ 3} In both the direct appeal and the petition for postconviction relief appellant alleges the following: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) unconstitutionality of Ohio's death penalty; (4) unconstitutionality of Ohio's statutory proportionality test; (5) the cruel and unusual nature of appellant's sentences; and (6) cumulative error. In the petition alone appellant alleges that false evidence was presented at trial.
 {¶ 4} The trial court dismissed the petition without an evidentiary hearing based on res judicata with regard to the duplicative claims and because of the hearsay evidence offered in support of the claim of false evidence. Appellant assigns the following errors:
 {¶ 5} "Assignment of Error No. 1. The trial court erred by dismissing appellant's postconviction petition where he presented sufficient operative facts and supporting exhibits to merit an evidentiary hearing and discovery.
 {¶ 6} "Assignment of Error No. 2. Ohio's postconviction procedures neither afford an adequate corrective process nor comply with due process and equal protection under the fourteenth amendment.
 {¶ 7} "Assignment of Error No. 3. Considered together, the cumulative errors set forth in appellant's substantive grounds for relief merit reversal or remand for a proper postconviction process."
 {¶ 8} The trial court's dismissal of the petition without a hearing must be reviewed on an abuse of discretion standard.State v. Watson (1998), 126 Ohio App.3d 316, 324. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175,180 (italics sic).
 {¶ 10} The claims raised by appellant that are pending before the Ohio Supreme Court cannot be litigated in a petition for postconviction relief because said claims are barred by the doctrine of res judicata. Therefore, the trial court did not abuse its discretion by dismissing those claims.
 {¶ 11} The last remaining claim deals with the testimony of Samuel Miller. Miller testified at trial that, while they were in jail together, appellant told him exactly what he was going to do to the victim. This evidence helped convict appellant. During the postconviction investigation, however, Miller purportedly stated to Matt Franklin, a criminal investigator, that he never heard appellant say anything about wanting to kill the victim. Supposedly, Miller was pressured by another inmate, Otha Jones, and by prosecutors to testify as he did. According to Miller, prosecutors allegedly threatened that not testifying against appellant would jeopardize his chances of parole. Appellant points to this ostensible recantation as relevant and material evidence outside the record sufficient to overcome the res judicata bar. State v. Watson (1998), 126 Ohio App.3d 316,324-25.
 {¶ 12} Appellant supported these allegations with an affidavit from Franklin, but not from Miller. For this reason, the trial court found that the evidence was merely hearsay and dismissed the claim. Appellant counters that should Miller be unavailable at the postconviction hearing, Franklin's affidavit would be admissible under Evid.R. 804(B)(3) as a statement against interest because it would render invalid a claim by Miller against appellant and is corroborated by Miller's and Jones' statements to police.
 {¶ 13} Evid.R. 804(B)(3) removes "statements against interest" from the scope of the hearsay rule if the declarant is unavailable as a witness and the declarant made "[a] statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."
 {¶ 14} Appellant cites to Jones' and Miller's statements to police as the corroboration necessary for Evid.R. 804(B)(3) to operate. But those statements corroborate their trial testimony, not Franklin's affidavit regarding the alleged recantation. Moreover, Miller refused to sign an affidavit himself. That the trial court found Franklin's affidavit hearsay, dismissing the first claim for relief, is not an abuse of discretion because Miller refused to sign an affidavit and because the only hearsay exception available to appellant requires an unavailable declarant and corroboration which has not been provided.
 {¶ 15} For the reasons stated above, appellant's first and third assignments of error are found not well-taken.
 {¶ 16} Appellant's second assignment of error, as argued in his brief, centers around the trial court's denial of a motion for discovery concomitant to the petition for postconviction relief. Appellant argues that "[w]hen a petitioner has the burden of supporting grounds for relief with evidence outside the trial record, but is denied discovery, and the petition is summarily dismissed without a hearing, post-conviction [sic] in Ohio fails to provide an effective remedy."
 {¶ 17} Whether such a procedure is unconstitutional generally cannot be reached in this case. Here, the only claim not barred by res judicata involved a witness who refused to sign an affidavit regarding the alleged mendacity of his trial testimony. No amount of discovery would change this result. Therefore, appellant was not prejudiced by the trial court's denial of his motion for discovery. For this reason, appellant's second assignment of error is found not well-taken.
 {¶ 18} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal, pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., concur.