DECISION AND JUDGMENT ENTRY
{¶ 1} Ronald E. Wright appeals the Washington County Court of Common Pleas' denial of his petition for post-conviction relief. Wright contends that he received ineffective assistance of counsel at his trial, and that the trial court erred in dismissing his petition without a hearing. Because Wright did not submit evidentiary documents containing sufficient operative facts to demonstrate that his trial counsel was ineffective and that he was prejudiced by his counsel's ineffectiveness, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The charges against Wright arose from sexual contact between Wright and the eleven-year-old daughter of Wright's fiancé. Wright initially gave police a written and oral confession to the crimes charged. The trial court granted his motion to suppress the confession, but found that the statement was voluntary and could be used to cross-examine Wright if he chose to testify. Wright did not testify at trial.
 {¶ 3} On August 29, 2000, the trial court convicted and sentenced Wright on four counts of rape, with a specification that Wright purposely compelled the victim to submit by force or threat of force. Wright obtained new counsel and timely appealed alleging, among other errors, ineffective assistance of trial counsel. While his direct appeal was pending, Wright timely filed a petition for post-conviction relief, which also alleged that he did not receive effective assistance of counsel at trial. On a joint motion of the parties, the court stayed the post-conviction petition pending Wright's direct appeal.
 {¶ 4} This court affirmed Wright's conviction on December 6, 2001.State v. Wright, Washington App. No. 00CA39, 2001-Ohio-2473. Wright appealed to the Ohio Supreme Court. The Court ultimately declined to review Wright's appeal. State v. Wright, 101 Ohio St.3d 1490,2004-Ohio-1293.
 {¶ 5} On March 29, 2005, Wright moved the trial court to lift the stay on the post-conviction proceedings. The state moved to dismiss the petition on the ground that the petition was no longer timely, because Wright failed to request that the court lift the stay sooner. The court, noting that Wright timely filed his initial petition and that the state did not file a motion to dismiss for want of prosecution, denied the state's motion to dismiss and lifted the stay.
 {¶ 6} In his petition, Wright asserted that his trial counsel was ineffective in that he failed to: (1) question witnesses, call potential witnesses, or otherwise present evidence regarding the victim's prior false allegations of sexual abuse; (2) present an expert witness; and (3) exercise all peremptory challenges, thereby waiving all but plain error on the court's ruling denying his challenge to a prospective juror.
 {¶ 7} In support of his petition, Wright submitted two affidavits, investigative notes on six individuals, a copy of a 1995 article regarding child sex abuse allegations in the context of domestic relations matters, and notes that his trial counsel made during voir dire.
 {¶ 8} The affidavits Wright submitted were sworn to by Wright's fiancé, Jean Thorp, and by Tabitha Hickmott, who is Thorp's daughter and the victim's sister. Thorp averred in relevant part: (1) that she believes her ex-husband, Jeff Hickmott, sexually abused the victim; (2) that the victim has made at least one unsubstantiated allegation of sexual abuse against someone other than Wright; and (3) that the victim has a history of behavioral problems related to sexually inappropriate conduct. Hickmott averred: (1) that Wright did not sexually abuse her; (2) that she never saw Wright sexually abuse the victim; and (3) that Children's Services questioned her repeatedly about whether Wright abused her.
 {¶ 9} The investigative reports Wright submitted contain notes made by an investigator regarding interviews of six individuals: Betty Pickenpaugh, a neighbor of the victim; Dale Marshall, a friend of the victim's father; Tara Lightfritz, Marshall's girlfriend; Karianne Lent, Wright's niece, and Scott and Lisa Lent, Wright's former neighbors. The investigative notes indicate that these individuals either heard others talk about the victim engaging in or speaking about sexually inappropriate behavior, or actually witnessed the victim engage in or speak about sexually inappropriate behavior. The notes reflect that: (1) Pickenpaugh saw the victim sitting naked in a window; (2) Karianne Lent, who was also eleven years old, learned how to masturbate and mimic sex with a teddy bear from the victim; and (3) Lightfritz saw the victim lick a popsicle like a penis when the victim was nine years old. The report on Marshall indicates that the victim's father once confronted Marshall with the victim's allegation that Marshall forced her to engage in sexual contact.
 {¶ 10} The article Wright submitted relates to suggested guidelines for courts considering sexual abuse allegations in the context of domestic relations matters. The notes made by Wright's trial counsel during voir dire characterize counsel's assessment of two of the jurors: Schwab and Partlow. Counsel wrote "bias" and "No" next to Schwab's name, and "good" next to Partlow's name. For the remaining jurors and potential jurors, counsel listed facts such as family or employment information, but he did not note his subjective assessment of them.
 {¶ 11} The court denied Wright's petition, finding that he failed to submit evidentiary documents containing sufficient operative facts to warrant a hearing on the petition. The judge, who also presided over Wright's trial, determined that the affidavits lacked credibility. The court noted that the investigative reports contained hearsay upon hearsay. Additionally, the court found that the information contained in the affidavits and reports was largely cumulative to the evidence presented at trial, and that the statements contained in the affidavits and reports, even if true, were not inconsistent with a finding that Wright raped the victim.
 {¶ 12} The court noted that the article, which spoke generally regarding the problem of false allegations of sexual abuse in domestic relations matters, was not specific to Wright's case. Moreover, the court noted that one of the article's central findings, that the existence of a corroborating confession constitutes a strong indicator that sexual abuse allegations are truthful, actually supports Wright's conviction. Finally, the court found that res judicata barred Wright's argument with respect to trial counsel's failure to exercise a peremptory challenge to excuse Schwab. The court also noted that Wright did not suffer any prejudice as a result of the failure to excuse Schwab, as Schwab served as an alternate juror and did not participate in deliberations.
 {¶ 13} Wright appeals, asserting the following assignment of error: "The trial court erred in summarily dismissing appellant's post-conviction petition."
 II. {¶ 14} In his sole assignment of error, Wright contends that the trial court erred in denying his petition for post-conviction relief without conducting an evidentiary hearing.
 {¶ 15} Pursuant to R.C. 2953.21(A)(1), a person who has been convicted of a criminal offense may seek relief on the ground that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." Here, Wright contends that he was denied his constitutional right to effective assistance of counsel.
 {¶ 16} In order to prove ineffective assistance of counsel, a person must demonstrate both deficient performance and prejudice. State v.Ballew (1996), 76 Ohio St.3d 244, 255, citing Strickland v.Washington (1984), 466 U.S. 668, 687. With regard to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558.
 {¶ 17} The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." Hasting, supra, at 508-509. Additionally, with regard to prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland at 694.
 {¶ 18} We review a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. State v. Watson (1998), 126 Ohio App.3d 316, 324. An abuse of discretion is more than an error of judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219; Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 19} A criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. State v. Cole (1982), 2 Ohio St.3d 112; State exrel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450. "Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C).
 {¶ 20} R.C. 2953.21(C) imposes a duty on the trial court to ensure that the petitioner adduces sufficient evidence to warrant a hearing.Cole at 113; see, also, State v. Kapper (1983), 5 Ohio St.3d 36;State v. Carpenter (1996), 116 Ohio App.3d 292, 295. The court may dismiss a petition for post-conviction relief without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. State v. Jackson (1980), 64 Ohio St.2d 107;State v. Apanovitch (1995), 107 Ohio App.3d 82, 98. In the context of a petition asserting ineffective assistance of trial counsel, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Jackson at the syllabus; see, also, State v.Williams, 162 Ohio App.3d 55, 2005-Ohio-3366, at ¶ 23.
 {¶ 21} Significantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing. State v. Combs (1994),100 Ohio App.3d 90, 97. The evidence must show that the petitioner could not have advanced his claim based on the information in the original trial record. Id. A petition for post-conviction relief which alleges that the petitioner received ineffective assistance of counsel at trial is subject to dismissal on res judicata grounds where the petitioner had new counsel on direct appeal and where the ineffective assistance of counsel claim could otherwise have been raised on direct appeal without resort to evidence outside the record. State v. Lentz (1994),70 Ohio St.3d 527, 529-530.
 {¶ 22} Additionally, evidence supporting a petition for post-conviction relief must meet some threshold level of cogency that advances the petitioner's claim beyond mere hypothesis. State v.Lawson (1995), 103 Ohio App.3d 307, 315. The evidence must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights.State v. Watson (1998), 126 Ohio App.3d 316, 325. "Evidentiary material" consists of materials that adhere to the rules of evidence; inherently unreliable documents will not suffice. See State v. Elmore, Licking App. No. 2005-CA-32, 2005-Ohio-5940, at ¶ 77-87 (no hearing required when petitioner supports petition with expert opinion in the form of inadmissible medical articles that speak to petitioner's situation generally, not to petitioner specifically); State v. Brinkley, Lucas App. No. L-04-1066, 2004-Ohio-5666, at ¶ 12-14 (no hearing required when petitioner supports petition with the affidavit of an investigator, where the affidavit contains hearsay statements of potential witness and no exception to rule against hearsay applies to said statements).
 {¶ 23} The court is free to assess the credibility of evidentiary documents. State v. Calhoun (1999), 86 Ohio St.3d 279, 284,1999-Ohio-102; State v. Smith (1997), 125 Ohio App.3d 342, 351. The court may disregard affidavits of the petitioner or his family members.State v. Moore (1994), 99 Ohio App.3d 748, 754. In assessing the credibility of post-conviction relief affidavits, the trial court may consider the following factors: (1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Calhoun at 284.
 {¶ 24} Here, Wright supported his petition with investigative notes, two affidavits, a copy of a 1995 article on child sex abuse allegations in the context of domestic relations matters, and a jury pool list containing his trial counsel's notes.
 {¶ 25} The trial court noted that the investigative reports do not constitute evidence such that the court was required to give them any weight. We agree. See Brinkley, supra. The reports are not sworn, they constitute hearsay, and in some instances contain double and triple hearsay. Wright does not assert that any exception to the rule against hearsay applies, and offers no explanation for his use of an investigator's notes instead of affidavits from the potential witnesses themselves. Moreover, even if we accept the information contained in the investigative notes as true, we agree with the trial court's assessment that the information was inadmissible, cumulative to evidence presented through other witnesses, or irrelevant.
 {¶ 26} Wright directs us to the United States Supreme Court's decision in Wiggins v. Smith (2003), 539 U.S. 510, for the proposition that the court should not construct strategic decisions that trial counsel did not offer to support the reasonableness of counsel's performance. He contends that the trial court constructed strategic decisions here by speculating that his counsel did not call the individuals listed in the investigative reports as witnesses because they would have offered only inadmissible evidence. In Wiggins, trial counsel conducted no investigation whatsoever into mitigating circumstances that might have impacted the defendant's sentence and presented no mitigating evidence. Here, in contrast, the record shows that Wright's trial counsel knew of the witnesses identified in the investigation notes, subpoenaed them, and chose not to call the majority of them to testify. This evinces strategy, not a failure to investigate. We will not second-guess trial counsel's strategic decisions regarding which individuals he should subpoena or call to testify. See Carter, supra.
 {¶ 27} The trial court assigned little credibility to the affidavits of Thorp and Hickmott due to their relationships with Wright. Because the same judge who presided over Wright's trial reviewed Wright's petition, she was best able to assess the credibility of the affidavits. Additionally, the court noted the affidavits have little relevance. Thorp carries an obvious bias toward Wright given that she is engaged to marry him, and the judge, who also presided at Wright's trial, was entitled to disregard her affidavit. See Calhoun, supra. Likewise, the fact that Hickmott is Thorp's daughter discounts her credibility. The fact that Hickmott did not observe any sexual abuse hardly supports a conclusion that the abuse did not occur, and Wright does not contend that the victim alleged Hickmott witnessed any abuse. Similarly, the tactics that Children's Services used to question Hickmott are immaterial, given that the victim's abuse came to light not upon intervention by the agency, but upon the victim reporting the abuse to a family friend who then contacted the agency.
 {¶ 28} The article regarding sexual abuse allegations in domestic relations cases does not constitute evidentiary material sufficient to require a hearing on a petition for post-conviction relief. See,Elmore, supra. The article bears marginal relevance to the case at bar. It does not refer to Wright specifically. It is directed toward domestic relations disputes, not criminal allegations. Moreover, as the trial court noted, the article indicates that an important basis for finding sexual abuse allegations truthful is the existence of a corroborating confession. Here, Wright confessed to the version of events given by the victim. Wright's trial counsel's effective arguments resulted in the court suppressing his statement, but any expert called to assess the evidence would have been informed of Wright's confession.
 {¶ 29} Finally, we find that the trial court did not abuse its discretion in finding that the handwritten notes of Wright's trial counsel do not constitute evidentiary documents setting forth sufficient operative facts to warrant a hearing. Wright contends that his trial counsel was ineffective in his failure to exercise all peremptory challenges during jury selection. Wright's trial counsel sought to remove an alternate juror, Schwab, for cause during voir dire. The trial court denied the motion to remove Schwab for cause. Wright's counsel did not seek to remove Schwab via a peremptory challenge.
 {¶ 30} During trial, a member of the jury panel, Partlow, realized that she knew the victim and alerted the court. The court offered to remove Partlow. Wright's counsel declined to remove Partlow. Wright contends that his counsel's failure to remove Schwab with a peremptory challenge left him unable to remove Partlow, because Schwab would have replaced Partlow on the panel. Wright acknowledges that this court considered and rejected this argument in his direct appeal, but contends that it is nonetheless a proper claim in this post-conviction proceeding because he supports it with documentary evidence.
 {¶ 31} As we noted above, evidence outside the record alone will not guarantee the right to an evidentiary hearing. Combs, supra at 97. The evidence must show that the petitioner could not have advanced his claim based on the information in the original trial record. Id.; see, also,Lentz, supra. Additionally, the evidence must meet some threshold level of cogency, must be genuinely relevant, and must materially advance the petitioner's claims. Lawson, supra at 315; Watson, supra at 325. Here, Wright raised his claim on direct appeal without resorting to evidence outside the record.
 {¶ 32} Although Wright submitted his counsel's voir dire notes as exhibits with his petition, he does not offer any explanation as to how these notes materially advance his claim of ineffective assistance of trial counsel. In fact, the notes appear to demonstrate that his counsel's decision to leave Partlow on the panel was sound trial strategy. While counsel made factual notes about other jurors, counsel made only two notations clearly indicating his subjective assessment of the jurors: next to Partlow's name, he wrote "good"; and next to Schwab's name, he wrote "bias" and "No." Because counsel did not place favorable notations next to any potential juror's name other than Partlow's, his notes support the inference that his decision to leave her on the panel was a strategic one. We decline to second-guess counsel's decision. See Carter, supra. With regard to Schwab, Wright demonstrated no prejudice because she did not deliberate.
 {¶ 33} Upon review, we cannot find that the trial court abused its discretion in determining that Wright failed to support his petition with evidentiary documents sufficient to require a hearing on his motion for post-conviction relief. Wright did not present competent, relevant, or material evidence that materially advances his claim that his counsel's performance fell outside the wide range of reasonable professional assistance.
 {¶ 34} Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment Only.
McFarland, J.: Concurs in Judgment and Opinion.