[Cite as *Wolf v. Dept. of Transp.*, 2010-Ohio-4793.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


BILLIE K. WOLF

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-03266-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} On February 14, 2010, at approximately 8:30 p.m., plaintiff, Billie K. Wolf, was traveling west on State Route 125 within the Village of Amelia in Clermont County, when her 2009 Ford Flex struck "a very large pothole" causing tire damages to the vehicle. Plaintiff pointed out that after the damage incident she reported the pothole to Village of Amelia employees who were supposedly aware of the defect due to prior complaints. Plaintiff asserted the damage to her vehicle was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff filed this complaint seeking to recover $369.85, the total cost of a replacement tire. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular pothole on the roadway prior to plaintiff's property damage occurrence. Defendant advised plaintiff was contacted to provide a more specific location of the pothole on State Route 125 and from her description ODOT located the defect at approximately milepost 6.77. Defendant denied receiving any calls or complaints regarding a pothole at milepost 6.77 on State Route 125 prior to

plaintiff's February 14, 2010 property damage event. Defendant suggested "it is likely the pothole existed for only a short time before the incident." Furthermore, defendant asserted plaintiff did not produce any evidence to prove her property damage was caused by negligent maintenance. Defendant explained the ODOT "Clermont County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered at milepost 6.77 on State Route 125 the last time that section of roadway was inspected prior to February 14, 2010.

{¶ 3}    Plaintiff filed a response pointing out she contacted "Julie Wartman in the Village of Amelia" regarding her property damage from the pothole on State Route 125. Plaintiff noted she was told by Julie Wartman that the village had received several phone complaints about potholes on State Route 125 prior to February 14, 2010. Plaintiff further noted that Julie Wartman informed her that she notified ODOT "several times regarding" potholes on State Route 125 within the Village of Amelia. Plaintiff did not provide any statement from Julie Wartman in reference to the matter asserted in connection with a prior report of the particular pothole at milepost 6.77.

{¶ 4}    For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5}    Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976),

49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486.  However, defendant is not an insurer of the safety of its highways.  See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 6}**  In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  There is no evidence that defendant had actual notice of the pothole.  Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be present.

**{¶ 7}**  "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge."  *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429.  "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD .

**{¶ 8}**  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.  No evidence was presented to establish the time that the particular pothole was present.  Size of the defect (pothole) is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  Plaintiff has failed to prove that defendant had constructive

notice of the pothole.

**{¶ 9}** Ordinarily in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BILLIE K. WOLF

 Plaintiff

 v.

DEPARTMENT OF TRANSPORTATION

 Defendant

 Case No. 2010-03266-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Billie K. Wolf                              Jolene M. Molitoris, Director
1325 Statewood Court              Department of Transportation
Amelia, Ohio  45102                 1980 West Broad Street
                                               Columbus, Ohio  43223

RDK/laa
5/20
Filed 6/8/10
Sent to S.C. reporter 10/1/10