[Cite as *State v. Weddington*, 2011-Ohio-1017.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 10CA19 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| MELINDA K. WEDDINGTON, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | File-stamped date:  3-01-11 |

_____

APPEARANCES:

David Reid Dillon, South Point, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Jeffrey M. Smith, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

_____

Kline, J.:

{¶1}     Melinda K. Weddington appeals the judgment of the trial court dismissing her petition for postconviction relief without a hearing.  On appeal, Weddington contends that the trial court abused its discretion because her petition alleged sufficient operative facts to demonstrate substantive grounds for relief based on ineffective assistance of counsel.  Because we find that Weddington failed to adduce any evidence that she would have insisted on going to trial absent her attorney's alleged ineffective assistance, and thus, failed to satisfy the prejudice prong of the *Strickland* test, we disagree.  Weddington next contends that the trial court committed plain error in the original proceedings by failing to make specific factual findings at the sentencing and by erroneously imposing a mandatory fine.  We, however, find that Weddington has failed

to demonstrate plain error for two reasons. First, Weddington pleaded guilty to the offense and therefore admitted to the accusations contained in the indictment. Second, Weddington has failed to demonstrate that the trial court would have imposed a lesser fine had it known that the fine was not mandatory. Accordingly, we affirm the judgment of the trial court.

I.

{¶2} The Lawrence County Grand Jury returned a three-count indictment against Weddington, which alleged that Weddington (1) failed to comply with an order or signal of a police officer in violation of R.C. 2921.331(C)(5)(a)(ii), a third-degree felony; (2) received stolen property in violation of R.C. 2913.51(A), a fourth-degree felony; and (3) possessed cocaine in violation of R.C. 2925.11(C)(4)(b), a fourth-degree felony.

{¶3} Weddington pleaded guilty to failure to comply and receiving stolen property. She pleaded no contest to possession of crack cocaine. The court found Weddington guilty of all three counts. The court sentenced Weddington to four years incarceration on count one and twelve months incarceration for each of counts two and three. The trial court ordered Weddington to serve these three sentences concurrently.

{¶4} Weddington filed a petition for postconviction relief under R.C. 2953.21. The trial court denied Weddington's petition without affording her a hearing.

{¶5} Weddington appeals this judgment and assigns the following errors for our review: I. "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT'S PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE WITHOUT HOLDING A HEARING ON THE MOTION." In addition, Weddington filed a motion for a delayed appeal under

App.R. 5(A), which we have granted to consider two direct, rather than collateral, assignments of plain error. Pursuant to that motion, she raises the following two assignments of error. II. "THE TRIAL COURT COMMITTED PLAIN ERROR IN FINDING DEFENDANT-APPELLANT GUILTY OF O.R.C. 2921.331 WITHOUT MAKING THE FINDINGS REQUIRED BY THAT SUBSECTION." And, III. "THE TRIAL COURT COMMITTED PLAIN ERROR IMPOSING ON DEFENDANT A MANDATORY FINE WITHOUT STATUTORY AUTHORITY AND WHILE DEFENDANT WAS INDIGENT."

II.

{¶6}    Weddington's first assignment of error requires us to review the judgment of the trial court denying a petition for postconviction relief without a hearing. We review the judgment of a trial court in dismissing a petition for postconviction relief without a hearing for an abuse of discretion. *State v. Hicks*, Highland App. No. 09CA15, 2010-Ohio-89, at ¶11. An abuse of discretion is more than an error of judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶7}    "The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the Constitutions of the United States or Ohio. R.C. 2953.21(A)(1)[.]" *State v. Bradford*, Ross App. No. 08CA3053, 2009-Ohio-1864, at ¶7, citing *State v. Hatton* (Aug. 4, 2000), Pickaway App. No. 00CA10. In order for Weddington to prevail, she must establish that she has suffered an infringement or deprivation of her constitutional rights. See R.C. 2953.21(A)(1); *State v. Calhoun*, 86 Ohio St.3d 279, 283, 1999-Ohio-102.

**{¶8}**     A criminal defendant seeking to challenge her conviction through a petition for postconviction relief is not automatically entitled to a hearing.  See *State v. Cole* (1982), 2 Ohio St.3d 112, 113; *State ex rel. Jackson v. McMonagle*, 67 Ohio St.3d 450, 451, 1993-Ohio-143.  "Before granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief.  In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."  R.C. 2953.21(C).

**{¶9}**     Indeed, R.C. 2953.21(C) imposes a duty on the trial court to ensure that the petitioner adduces sufficient evidence to warrant a hearing.  *Cole* at 113.  "The court may dismiss a petition for post-conviction relief without a hearing when the petitioner fails to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief."  *Bradford* at ¶10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 111; *State v. Apanovitch* (1995), 107 Ohio App.3d 82, 98.  See, also, *State v. Wright*, Washington App. No. 06CA18, 2006-Ohio-7100, at ¶20.

**{¶10}**     "[E]vidence supporting a petition for post-conviction relief must meet some threshold level of cogency that advances the petitioner's claim beyond mere hypothesis.  The evidence must be genuinely relevant, and it must materially advance petitioner's claim that there has been a denial or infringement of his or her constitutional rights."  *Wright*, 2006-Ohio-7100, at ¶22 (internal citation omitted).  Additionally, the court is free to assess whether the petitioner's evidence is credible.  See *Wright*, 2006-

Ohio-7100, at ¶23, citing *Calhoun* at 284; *State v. Smith* (1997), 125 Ohio App.3d 342, 351.

**{¶11}** Weddington's petition in the trial court raised two claims for relief. But on appeal, Weddington relies solely on her argument that she was afforded ineffective assistance of counsel. In her petition, Weddington stated that her "lawyer mislead [sic], emotionally abused, alright [sic] lied about the law and said [that she] couldn't fire him because [she] couldn't afford an attorney." Weddington attached an affidavit to her petition that expanded upon these points. The trial court dismissed the petition for postconviction relief because "the petition, the transcript of the hearing conducted in this case, and the court file and records do not demonstrate that petitioner has set forth sufficient operative facts to establish substantive grounds for relief."

**{¶12}** "'In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness.'" *State v. Countryman*, Washington App. No. 08CA12, 2008-Ohio-6700, at ¶20, quoting *State v. Wright*, Washington App. No. 00CA39, 2001-Ohio-2473; *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155-56, cert. den. *Hamblin v. Ohio* (1988) 488 U.S. 975. To secure reversal for the ineffective assistance of counsel, one must show two things: (1) "that counsel's performance was deficient * * *'" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) "that the deficient performance prejudiced the defense * * * [,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington* (1984), 466 U.S. 668, 687. See, also, *Countryman* at ¶20. "Failure to

satisfy either prong is fatal as the accused's burden requires proof of both elements."
*State v. Hall*, Adams App. No. 07CA837, 2007-Ohio-6091, at ¶11, citing *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, at ¶205.

**{¶13}** In the context of guilty pleas, courts have modified the prejudice prong of the *Strickland* test. "[T]he defendant must demonstrate that there is a reasonable probability that, but for [her] counsel's error, [she] would not have pleaded guilty and would have insisted on going to trial." *State v. Barnett*, Portage App. No. 2006-P-0117, 2007-Ohio-4954, at ¶51, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 58-59. This holding is equally applicable in the context of a no contest plea. *Barnett* at ¶52; *State v. Bishop* (Nov. 25, 1998), Lorain App. No. 97CA006905; *State v. Brown* (May 16, 1997), Montgomery App. No. 96-CA-092. As the *Jackson* case makes clear, in order for a petitioner to be entitled to a hearing, the petitioner must set forth evidentiary materials that support the petitioner's claim. Accordingly, we focus on the averments in the affidavit.

**{¶14}** In the beginning of her affidavit, Weddington alleges that her "attorney mislead [sic] [her] by telling [her that she] had no right to be seen by paramedics, to be properly detoxed, to have basic hygiene products, and cleaning supplies-n-ToiletPaper [sic]. 2.) On the video cam it clearly shows that [she] should have been checked by paramedics, and that [she] was spoken inapprioately [sic] to." Essentially, Weddington appears to claim that the police should have put her in a detox program after her arrest and that the conditions of her pretrial detention were unsanitary. Even granting this to be true, Weddington does not explain why she would have insisted on going to trial absent her attorney's ineffective assistance. These paragraphs are also unclear on

what the alleged ineffectiveness of the attorney actually was.  For instance, the affidavit never explains precisely what the attorney said, but merely avers that her attorney misled her in some fashion.

**{¶15}**     Weddington's affidavit also offers a mere conclusion that her "attorney was more concerned in the well being of the Lawrence County Sheriff Dept then [sic] my defense."  There are no facts specifically alleged in the affidavit that support this particular conclusion.

**{¶16}**     Weddington also contends that her counsel was ineffective because, contrary to her requests, he failed to move for a bond reduction.  But nowhere in the affidavit does Weddington claim that she would have insisted on going to trial if her bond were reduced.

**{¶17}**     Weddington further contends that her attorney was ineffective because he failed to ask that the court waive costs and fees because of Weddington's indigency. The Revised Code requires the court to impose the costs of prosecution in any criminal sentence.  R.C. 2947.23(A)(1).  But the court may waive the imposition of costs if "the court determines that the offender is indigent[.]"  R.C. 2949.092; see, also, *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, at ¶8, fn. 1.  "R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted – but not required – if the defendant is indigent."  *White* at ¶14.  Therefore, in order to demonstrate ineffective assistance of trial counsel, Weddington needs to demonstrate that, had her attorney filed a motion for a waiver of costs, the motion stood a reasonable probability of success.  *State v. King*, Wood App. No. WD-09-069, 2010-Ohio-3074, at ¶11; see, also, *State v. Fayne*, Cuyahoga App. No. 90045, 2009-Ohio-

2699, at ¶7-8 (rejecting ineffective assistance of counsel argument where petitioner only pointed to indigency as a justification for the court granting waiver). Here, Weddington has produced no evidence tending to show that any such motion had a reasonable probability of success other than pointing to her indigency.

**{¶18}** Weddington's affidavit also claims she was afforded ineffective assistance of counsel because her attorney encouraged her to write a letter to the judge. This letter apparently was an attempt to win either sympathy or credibility as it told the judge "everything that [Weddington] had every [sic] done including how [she] had drunk Febreeze once." Again, Weddington fails to explain how this letter prejudiced her. And on its face, such a letter may be a reasonable attempt to win sympathy or credibility.

**{¶19}** Finally, Weddington's affidavit also raises other concerns related to her detention. Apparently, a railroad train struck and killed Weddington's child. At some point during Weddington's pretrial detention, Weddington's cell overlooked a set of railroad tracks. Weddington again raises the issue of bond reduction as well as arguing that her attorney should have filed a motion asking for Weddington's relocation. But Weddington does not explain why she would have insisted on going to trial but for her attorney's failure to move for either bond reduction or relocation.

**{¶20}** We have considered the averments of the affidavit submitted by Weddington with her petition for postconviction relief. We find that the trial court did not abuse its discretion when it determined that Weddington failed to adduce sufficient operative facts to demonstrate substantive grounds for relief because Weddington failed

to satisfy the prejudice prong of the *Strickland* test.  Accordingly, we overrule

Weddington's first assignment of error.

III.

**{¶21}**     We next consider Weddington's second and third assignments of error.

We consider these assignments of error together as both are brought to our attention

pursuant to Weddington's motion for a delayed appeal under App.R. 5(A).  We granted

this motion and permitted Weddington to raise these two assignments of error for our

direct review.  In addition, both assignments of error contend that the trial court

committed plain error.

**{¶22}**     The Ohio Rules of Criminal Procedure provide that appellate courts

may notice "[p]lain errors or defects affecting substantial rights * * * although they were

not brought to the attention of the [trial] court."  Crim.R. 52(B)  "Inherent in the [plain-

error] rule are three limits placed on reviewing courts for correcting plain error."  *State v.*

*Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶15.  "'First, there must be an error,

*i.e.,* a deviation from the legal rule. * * * Second, the error must be plain.  To be 'plain'

within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial

proceedings. * * * Third, the error must have affected 'substantial rights.'  We have

interpreted this aspect of the rule to mean that the trial court's error must have affected

the outcome of the trial.'"  Id. at ¶16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27,

2002-Ohio-68 (omissions in original).  In addition, the Supreme Court of Ohio has noted

the discretionary aspect of recognizing plain error.  See *Barnes* at 27.  We should

recognize plain error "'with the utmost caution, under exceptional circumstances and

only to prevent a manifest miscarriage of justice.'" Id., quoting *State v. Long* (1978), 53 Ohio St.2d 91, at paragraph three of the syllabus.

**{¶23}**    In her second assignment of error, Weddington contends that the trial court erred because it failed to make a specific finding required by the statute. Weddington pleaded guilty to failing to comply with the order of a police officer, a felony of the third degree.  Based on the statute, this would require that Weddington commit the base offense of "willfully [eluding or fleeing] a police officer after receiving a visible or audible signal from a police officer to bring [her] motor vehicle to a stop."  R.C. 2921.331(B).  In addition, while committing this offense, Weddington's operation of the motor vehicle either had to be the "proximate cause of serious physical harm to persons or property" or had to have "caused a substantial risk of serious physical harm to persons or property."  R.C. 2921.331(C)(5)(a)(i) & (ii).

**{¶24}**    Weddington specifically contends that the trial court failed to make one-of-the-two findings required by R.C. 2921.331(C)(5)(a).  However, the indictment in this case properly accused Weddington of willfully eluding or fleeing a police officer and that "the operation of the motor vehicle caused substantial risk of serious physical harm to persons or property, in violation of Section 2921.331 (B)(C)(5)(a)(ii) of the Revised Code, F-3."  Weddington pleaded guilty to this count.  "Inasmuch as [she] pleaded guilty [she] admitted all the well pleaded material facts in the indictment and waived a trial." *Rodriguez v. Sacks* (1962), 173 Ohio St. 456, 457.  We cannot agree that the trial court committed plain error in not specifically finding that Weddington's offense caused a substantial risk of serious physical harm to persons or property because Weddington's guilty plea had already admitted that fact.

**{¶25}** In Weddington's third assignment of error, she contends that the trial court committed plain error by ordering her to pay a $2,500 mandatory fine in connection with her conviction for possession of crack cocaine. The judgment entry clearly indicates that the fine is mandatory. However, Weddington pleaded no contest to, and was convicted of, possessing crack cocaine in violation of R.C. 2925.11(C)(4)(b), a fourth-degree felony. A trial court may assess a fine of up to five thousand dollars against an individual found guilty of a fourth-degree felony. R.C. 2929.18(A)(3)(d). The same statute provides for mandatory fines for violations of R.C. 2925.11, but only for first, second, and third-degree felony violations. R.C. 2929.18(B)(1). The trial court therefore erred in imposing a $2,500 "mandatory" fine.

**{¶26}** The State argues that we should overrule this assignment of error as any error here is not plain error because the fine was within the authority of the court to impose. We agree. Weddington provides no explanation or evidence for why the court would not have imposed a $2,500 fine had it understood that it had no mandatory duty to do so. In other words, we find that Weddington has failed to show that the error "affected the outcome of the trial." *Barnes* at 27.

**{¶27}** Accordingly, we overrule Weddington's second and third assignments of error and affirm the judgment of the Lawrence County Court of Common Pleas.

**JUDGMENT AFFIRMED.**

Harsha, P.J., concurring in part and dissenting in part:

**{¶28}** I concur in judgment only on the first assignment of error because I continue to apply the standard of review set forth in *In re B.C.S.*, Washington App. No. 07CA60, 2008-Ohio-5771, at ¶9, and *State v. Harrington*, 172 Ohio App.3d 595, 2007-Ohio-3796, at ¶9.

**{¶29}** I dissent on the third assignment of error because the court's entry clearly indicates that it considered the fine of $2,500 to be mandatory in nature when in fact it was not. Thus, the court failed to exercise its discretion in the mistaken belief that it did not exist. The failure to exercise discretion when it exists is in itself an abuse of discretion. *In re T.F.*, Highland App. No. 09CA37, 2010-Ohio-4793, at ¶16. In my view it also amounts to plain error, so I dissent.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


McFarland, J.:  Concurs in Judgment and Opinion.
Harsha, P.J.:  Concurs in Part and Dissents in Part with Opinion.



For the Court


BY:  _____
     Roger L.  Kline, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**