[Cite as *State v. Gaffin*, 2021-Ohio-4019.]

**Released 11/3/21**

FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 20CA1115 |
| | : | |
| v. | : | |
| | : | |
| KEVIN GAFFIN, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

<u>APPEARANCES:</u>

William R. Gallagher, Elizabeth Conkin, Arenstein & Gallagher, Cincinnati, Ohio for Appellant.

D. Vincent Faris, Clermont County Prosecutor, Nick Horton, Scott O'Reilly, Assistant Prosecuting Attorneys, Batavia, Ohio, for Appellee.

Smith, P.J.

{¶1} This matter comes on for consideration of Appellant's application for en banc hearing pursuant to App.R. 26.

{¶2} In 2016, Gaffin ("Appellant") was convicted by a jury of three counts of rape, R.C. 2907.02(A)(1)(b), with specifications; three counts of sexual battery, R.C. 2907.03(A)(5), with specifications, and one count of felonious assault, R.C. 2903.11(A)(1). The victim was his six-year-old stepson. Appellant was sentenced to life in prison without the possibility of parole. He directly appealed his convictions. We affirmed the judgment of

the trial court in *State v. Gaffin,* 4th Dist. Adams No. 16CA1027, 2017-Ohio-2935, "*Gaffin I.*"

{¶3} Next, Appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. The trial court found no substantive grounds for relief and dismissed the petition. Appellant timely appealed this denial. In *State v. Gaffin*, 4th Dist. Adams No. 17CA1057, 2019-Ohio-291, "*Gaffin II,*" this Court found the trial court abused its discretion in denying Appellant's petition for postconviction relief without a hearing. We remanded the matter to the trial court to conduct an evidentiary hearing on Appellant's postconviction petition consistent with our opinion in *Gaffin II*. The decision in *Gaffin II* was written by Judge Hoover, with Judge Abele concurring in judgment and opinion, and Judge Harsha concurring in judgment only.

{¶4} Pursuant to this Court's mandate in *Gaffin II,* the trial court conducted an evidentiary hearing. Subsequently, the trial court again overruled Appellant's postconviction petition. Appellant timely appealed the trial court's ruling.

{¶5} In *State v. Gaffin,* 4th Dist. Athens No. 20CA1115, 2021-Ohio-2659, "*Gaffin III*", decided July 30, 2021, we clarified our findings in *Gaffin II* but ultimately found no merit to Appellant's arguments and affirmed the

judgment of the trial court. *Gaffin III* was authored by Judge Smith, with Judge Abele and Judge Hess also concurring in judgment and opinion.

{¶6} Appellant has filed an application for en banc hearing, in which he asserts that this Court's July 30, 2021 decision is in direct conflict with this Court's prior holding in *Gaffin II,* and that en banc review of the appeal is necessary to secure and maintain uniformity of well settled legal precedent in this district and in Ohio. Appellant's Application for En Banc Hearing was filed on August 13, 2021. On August 26, 2021, the State of Ohio filed a responsive pleading.

{¶7} App.R. 26(A)(2) governs application for en banc consideration. *See also Pfalzgraf v. Miley*, 7th Dist. Monroe Nos. 16MO-0005 and 16MO-0006, 2018-Ohio-3595, at *6. Pursuant to the rule, if a court of appeals determines that two or more of its decisions are in conflict it may order that an appeal or other proceeding be considered en banc. App.R. 26(A)(2)(a). Intra-district conflicts can arise when different panels of judges hear the same issue but reach different results. *Gentile v. Turkoly,* 7th Dist. No. 16 MA0071, 2017-Ohio-2958, ¶ 2, citing *McFadden v. Cleveland State Univ*., 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 15. "Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is

dispositive in the case in which the application is filed." App.R. 26(A)(2)(a). The burden is on the party requesting en banc consideration to "explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary." App.R. 26(A)(2)(b).

{¶8} Of significance to Appellant's application for en banc consideration, App.R. 26(A) provides in section (2)(c) that "[t]he rules applicable to applications for reconsideration set forth in division (A)(1) of this rule, including the timing requirements, govern applications for en banc consideration." App.R. 26(A)(1) mandates that applications for reconsideration shall be "made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing." App.R. 26(A)(1). *See Summitcrest, Inc. v. Erie Petroleum,* 7th Dist. Columbiana No. 12CO0055, 2016-Ohio-3381, at ¶ 4. " 'A motion for reconsideration can be entertained even though it was filed beyond the ten-day limitation provided for by the rule if the motion raises an issue of sufficient importance to warrant entertaining it beyond the ten-day limit.' " *Summitcrest, supra,* at ¶ 5, quoting *State v. Dew*, 7th Dist. No. 08MA62, 2014-Ohio-4042, ¶ 7.

{¶9} This Court issued its decision and judgment entry in Appellant's appeal on July 30, 2021. On that same day, the Adams County Clerk mailed the judgment entry to the parties and made a note on the docket accordingly. Thus, Appellant was required to file his motion for reconsideration and application for en banc consideration on or before August 9, 2021.

{¶10} However, App. R. 14(B) provides that for good cause shown, the court, upon motion, may enlarge the time prescribed by the appellate rules or may permit an act to be done after the expiration of the prescribed time. Specifically, enlargement of time to file an application for en banc consideration pursuant to App.R. 26(A) shall not be granted except on a showing of "extraordinary circumstances." App.R. 14(C), which provides for additional time after service by mail, states that three additional days shall be added to the prescribed time period. Therefore, Appellant had three additional days added to the August 9th prescribed date, giving him until August 12th, to file his application.

{¶11} Appellant filed his application for en banc hearing on August 13, 2021. Thus, his application is time-barred. Appellant does not acknowledge the tardy filings nor make an argument for extraordinary circumstances.

{¶12} Even if Appellant's application had been timely filed we would find no dispositive issue requiring en banc consideration. Appellant argues that a conflict exists between this court's decisions in *Gaffin II* and *Gaffin III.*[1] Appellant's postconviction petition asserted ineffective assistance of counsel due to trial counsel's failure to investigate witnesses Appellant suggested. Appellant urged that had his counsel investigated certain witnesses he would have had the opportunity to impeach the State's key witnesses and offered a viable reason for the victim to lie.

{¶13} In *Gaffin II,* this court found that the trial court improperly found that statements made in "*Decker's,* Bowling's, and Mallott's affidavits were inadmissible under Evid. R. 608(B)."[2]  (Emphasis added.) To further confuse the matter, in *Gaffin II* we found:

> After reviewing the evidence, we find that Gaffin established that he received constitutionally ineffective assistance of counsel. First, Gaffin showed that his counsel's performance fell below an objective level of reasonable representation. * * * Here, Gaffin's trial counsel not only failed to call a majority of the witnesses he subpoenaed, the affidavits show that he failed to interview nearly ten of those individuals. * * * Second, in light of the admissible evidence Gaffin provided, we find that there is a reasonable probability that the jury would have returned a different verdict. Had the jury heard the witnesses' testimony, especially that of the two officers from the

---

[1] In the application, Appellant references these decisions as *Gaffin I* and *Gaffin II.*
[2] In *Gaffin III* at ¶ 46, we recognized a scrivener's error set forth in *Gaffin II* at ¶ 78. *Gaffin II* at ¶ 78 should have stated that: "the trial court improperly found that the statements made in Vaughn's, Bowling's and Malott's affidavits were inadmissible." *See, again*, *Gaffin III* at ¶ 46.

Manchester Police Department, it is reasonably likely that the outcome of the trial would have been different. *Id*. at ¶ 88.

Yet, *Gaffin II* ultimately held:

> [W]e find that any rational trial court would have found *substantive grounds for relief existed and granted an evidentiary hearing.* * * * [W]e remand the matter to the trial court to conduct an evidentiary hearing on Gaffin's petition for postconviction relief consistent with this opinion. (Emphasis added.) *Id*. at ¶ 88.

{¶14} During the evidentiary hearing upon remand, Appellant presented the testimony of various witnesses, including Jeffrey Vaughn and Officer Bowling, both of whom are emphasized in Appellant's application for en banc hearing. After hearing the fully developed testimony, the trial court found that Mr. Vaughn was not present until later in the afternoon so his testimony did not "actually impeach" the victim or his mother. In *Gaffin III*, we noted this ruling was not inconsistent with our finding in *Gaffin II* that Vaughn's testimony would be admissible if, pursuant to Evid.R. 616(B), it related to the witness's intoxication "at the time of the matter which the witness seeks to testify." *Gaffin III* at ¶ 71. *See Gaffin II*, at 57. As to Officer Bowling, when his testimony was more fully developed at the remand hearing the trial court found him to be lacking in credibility. In

*Gaffin III* we noted that such determinations are within the province of the

trial court. *Id*. at ¶ 79.[3]

{¶15} After the evidentiary hearing was conducted and the trial court

again overruled the postconviction petition, in the appeal of that decision,

*Gaffin III,* Appellant's chief argument was that the trial court failed to

adhere to the law of the case doctrine. Pointing to the above language in

*Gaffin II,* Appellant argued it was established as the law of the case that

Appellant's counsel was deficient and also established as the law of the case

that Appellant had established prejudice. Thus, Appellant contended his

ineffective assistance of counsel claim was definitely established as the law

of the case. We disagreed.

{¶16} In *Gaffin III* we noted the Supreme Court of Ohio's language in

*State v. Jackson*, 64 Ohio St. 2d 107, 413 N.E.2d 819 (1980), syllabus:

> In a petition for postconviction relief, which asserts
> ineffective assistance of counsel, the petitioner bears the
> *initial burden* to submit evidentiary documents
> containing sufficient operative facts to demonstrate the
> lack of competent counsel and that the defense was
> prejudiced by counsel's ineffectiveness.

(Emphasis added.) *See also State v. Kapper,* 5 Ohio St. 3d 36, 38, 448

N.E.2d 823 (1983); *State v. Crossley,* 2d Dist. Clark No. 2020-CA-10, 2020-

---

[3]The trial court's lengthy, well-reasoned, and thoughtful decision subsequent to the remand hearing also noted that the additional testimony of Vaughn and Bowling could actually have strengthened the State's case.

Ohio-6640, at ¶ 26; *State v. Wright,* 4th Dist. Washington No. 06CA18, 2006-Ohio-7100, at ¶ 20.

{¶17} In *Gaffin III* we admitted our language in *Gaffin II* was imprecise, that the decision did not explicitly discuss postconviction petitions in the context of ineffective assistance claims, nor did we discuss the petitioner's "initial burden" except in a generalized manner. We concluded, however, that given our additional *Gaffin II* finding that "any rational trial court would have found substantive grounds for relief existed and granted an evidentiary hearing," it was "illogical or disingenuous" to conclude that our decision in *Gaffin II* unequivocally found that Appellant established a prima facie case of ineffective assistance of counsel and thus became the law of the case. *See Gaffin III* at ¶ 30. We further noted that if we had found in *Gaffin II* that Appellant had definitively established his ineffective assistance claim, we would have reversed his conviction and granted a new trial rather than remanding for an evidentiary hearing. *Gaffin III* at ¶ 29.

{¶18} In *Gaffin III* we rejected Appellant's law of the case argument. *See also State v. Jones,* 9th Dist. Summit No. 28063, 2019-Ohio-289, at ¶ 15 (Law of the case doctrine did not require court to find counsel's performance deficient based on "if" statement in prior decision where Jones' argument

asked court to disassociate statement from the paragraph in which it was contained as well as the full decision). However, rejecting Appellant's argument was no disavowal of our prior holding in *Gaffin II*. In *Gaffin III* we simply clarified our holding in *Gaffin II* and acknowledged a scrivener's error in the prior decision.

{¶19} Finally, in *Gaffin III* we cited *State v. Brant,* 11th Dist. Portage No. 99-P-0037, 2000 WL 1114845 (Aug. 4, 2000), "*Brant III.*" In 1994, Brant was also convicted of several counts including rape. As with Appellant, Brant had a direct appeal and two denials of his motions for postconviction relief. Brant argued various instances of ineffective assistance of counsel. Brant's convictions were affirmed in his direct appeal, *State v. Brant,* 11th Dist. Portage No. 94-P-0117, (Sept. 22, 1995), "*Brant I.*"

{¶20} Brant's first petition for postconviction relief was dismissed without a hearing. When Brant appealed the dismissal the appellate court found that: (1) the testimony of an expert was critical to his defense; and (2) had the expert been called, it was "arguable" there was a reasonable probability Brant would not have been convicted. In *State v. Brant,* 11th Dist. Portage No. 97-P-0019, 1998 WL 386183 (May 22, 1998), "*Brant II,*" the case was remanded for an evidentiary hearing as in Appellant's case.

Upon remand, the trial court held the hearing but again denied Brant's petition.

{¶21} In *Brant III,* the appellate court explicitly found that counsel's failure to call an available expert witness: (1) fell below the objective standard of reasonable representation; and (2) concluded that the error was prejudicial. The judgment of the trial court was reversed and the matter remanded for a new trial. Appellant argues herein that *Brant III* supports his position. That would be a fair argument if, in *Gaffin II* as in *Brant III,* we had explicitly found ineffective assistance. Our decision did no such thing. But for the need for clarification of *Gaffin II*, nothing about Appellant's case is unique. Appellant has failed to demonstrate an intra-district conflict on a dispositive issue.

{¶22} Appellant's application for en banc hearing is untimely. Even if we had considered the merits, we are not convinced that a conflict exists between our decisions in *Gaffin II* and *Gaffin III* which necessitates en banc consideration. For the reasons stated, Appellant's application for en banc hearing is denied.

**APPLICATION FOR EN BANC CONSIDERATION DENIED.**

The Clerk shall serve a copy of this entry on all counsel of record and unrepresented parties at their last known addresses by ordinary mail.  IT IS SO ORDERED.

Abele, J. and Hess, J. concur in Entry Denying Application for En Banc Hearing.

For the Court,


_____
Jason P. Smith
Presiding Judge